## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Kimberly & Delmer Call**
    **Plaintiff,**

**vs.**                                               **Case No.** 3:18-cv-00298

**Capital One Bank (USA), National Association**
**a.k.a World's Foremost Bank**
    **Defendant.**

### COMPLAINT

1. The Plaintiffs, Kimberly & Delmer Call, are residents of West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Capital One Bank (USA), National Association, ("Capital One") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. World's Foremost Bank was sold sometime in or about late 2017 to Capital One and is now part of Capital One.

5. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Putnam County, West Virginia.

6. After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendant, upon their account with World's Foremost Bank, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the

alleged debt.

7. The Plaintiffs retained the undersigned counsel to represent Plaintiffs interest in connection with consumer indebtedness on which Plaintiffs had become in arrears.

8. Thereafter, the Plaintiffs mailed a certified letter, with return receipt requested, to the Defendant advising the Defendant they had retained an attorney, and providing the Defendant with the name, address, and telephone number of their attorney.

9. The Defendant signed for the letter on July 24, 2017 according to the certified return receipt.

10. In the certified letter the Plaintiffs mailed the Defendant, the Plaintiffs requested the Defendant stop calling the Plaintiffs and provided the Defendant with the Plaintiffs' telephone numbers so the Defendant knew which numbers to stop calling.

11. The Plaintiff, in the letter, removed the Defendant's authorization to call the Plaintiff.

12. Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiffs.

13. The Defendant maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

14. Such records will reflect that the Defendant placed telephone calls to the Plaintiffs residential telephone number after it appeared that Plaintiffs were represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

15. The Plaintiffs sent two 45-day notices to cure pursuant to West Virginia Code § 46A-5-108, though only the second certified letter referenced Mr. Call.

**COUNT I**

2

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

16. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

17. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a.  engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    b.  causing Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125;

    c.  using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128 by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

18. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

19. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

20. The Plaintiffs are "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiffs are "natural persons."

21. The Defendant, World's Foremost Bank, is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

22. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* §61-3C-14a(a)(2).

23. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

24. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

25. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

26. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

**COUNT III**

*VIOLATION OF TELEPHONE HARASSMENT STATUTE*

27. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

28. The Defendant made or caused to be made telephone calls to the Plaintiffs causing Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* §61-8-16(a)(3).

29. The Plaintiffs were injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiffs were injured by Defendant's violation of *West Virginia Code* §61-

4

8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

30. The Defendant's actions violated West Virginia Consumer Credit and Protection Act Chapter 46A as described in Count I above and therefore violate this statute as well.

31. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

**COUNT IV**

*COMMON LAW NEGLIGENCE*

32. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

33. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

34. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**COUNT V**

*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

35. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

36. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiffs were represented by an attorney in gross violation of the WVCCPA;

5

b.  Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c.  Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d.  Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

e.  Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

f.  Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

37. As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

38. As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**COUNT VI**

### COMMON LAW INVASION OF PRIVACY

39. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

40. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs home.

41. The acts of the Defendant in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

42. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

43. As a result of the Defendant's action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT VI

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

45. The Defendant used a predictive or otherwise automated dialer system to call the Plaintiffs.

46. The predictive dialer system resulted numerus calls being placed by the Defendant to the Plaintiffs' cell phones.

47. The Plaintiffs removed any consent that may have existed to call the Plaintiffs' cell phone by the act of Plaintiffs sending the Defendant a letter asking the Defendant to stop calling Plaintiffs.

48. Plaintiffs provided the Defendant with Plaintiffs' cell phone number in the letter so Defendant could identify specifically all numbers Defendant may no longer call.

49. As a result of the Defendant's actions, defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

      a.  Making calls to the Plaintiffs' cellular telephone by means of an automatic dialing system.

50. The Defendant's violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiffs repeatedly removed his consent to call his cell phone, and the Defendant ignored him.

As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiffs demand from the Defendant:

a.  Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b.  Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c.  Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d.  The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e.  $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f.   $1,500 per violation of the Telephone Consumer Protection Act to the extent the

violations were willful 47 USCS § 227(b)(3)(C);

g.   The Plaintiffs be granted general damages and punitive damages for Defendant's conduct

alleged in Count II, III, IV, and V;

h.   Such other relief as the Court shall deem just and proper under the attendant

circumstances.

**PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

KIMBERLY & DELMER CALL
BY COUNSEL


BY:   /s/ Benjamin M. Sheridan
      Benjamin M. Sheridan (# 11296)
      *Counsel for Plaintiff*
      Klein & Sheridan, LC
      3566 Teays Valley Road
      Hurricane, WV 25526
      (304) 562-7111
      Fax: (304) 562-7115